**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

R. WAYNE JOHNSON,

        Plaintiff,

vs.

DEPT OF VETERAN AFFAIRS,

        Defendant.

2:16-cv-02121-GMN-VCF

**ORDER**

      Before the Court is Plaintiff's Motion for Protective Order (ECF No. 2). Federal Rule of Civil Procedure 3 governs commencing an action. Fed. R. Civ. P. 3. "A civil action is commenced by filing a complaint with the court." *Id.* A complaint must contain the following: (1) a statement of the grounds for jurisdiction, (2) a short and plain statement of the claim showing why the Plaintiff is entitled to relief, and (3) a demand for relief. Fed. R. Civ. P. 8(a). Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court.

      Here, Plaintiff has not complied with Rule 3. No complaint commencing this action has been filed. The filing fee has not been paid. Plaintiff must pay the full filing fee for each case that he seeks to open or file an application to proceed *in forma pauperis*.

      Accordingly,

      IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order (ECF No. 2) DENIED.

      IT IS FURTHER ORDERED that Plaintiff has until October 4, 2016 to file a complaint with an accompanying filing fee or an application to proceed *in forma pauperis*. Failure to comply with this order may result in dismissal of this case.

      The Clerk of Court is directed to mail the *in forma pauperis pro se* packet to Plaintiff.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action. See LSR 2-2.

DATED this 20th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE